

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 26, 1968.

Honorable R. H. Cory, Chairman
Vending Machine Investigating Committee
House of Representatives
State of Texas
Austin, Texas

Opinion No. M-309

Re: Whether the House
Interim Investigating
Committee, created
pursuant to provi-
sions of House Simple
Resolution 32, First
Called Session, 60th
Legislature, 1968,
is presently legally
constituted, with
the power to issue
subpoenas, compel
attendance of wit-
nesses, production
of records, etc.

Dear Mr. Cory:

Your recent letter requests our legal opinion concerning the above captioned question and states that as Chairman of the House Vending Machine Investigating Committee the same is presented to this office by the unanimous request of this committee.

It is suggested that the committee was not duly and legally constituted; that such committee's authority, if any, terminated at the end of the special session at which the resolution was passed; that the power, if any, of this committee is limited to the topics of the special legislative session at which it was created and that it did not extend to the scope of the hearing involving the vending machine industry.

The First Called Session, a special session, 60th Legislature, commenced at noon, June 4, 1968, (pursuant to executive proclamation issued May 16, 1968) and adjourned at 12:45 P.M. on July 3, 1968 (pursuant to Senate Concurrent Resolution No. 23).

Pertinent sections of Article III of the Constitution

-1502-

relating to the legislative department of Texas read as follows:

"Section 1.    The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'   (All emphasis herein has been supplied unless otherwise specified).

"Sec. 11.    Each House may determine the rules of its own proceedings, . . .

"Sec. 40.    When the Legislature shall be convened in special session, there shall be no legislation upon subjects other than those designated in the proclamation of the Governor calling such session, or presented to them by the Governor; and no such session shall be of longer duration than thirty days."

The special interim investigating committee in question here was created pursuant to the provisions of House Simple Resolution No. 32, adopted by the House of Representatives on July 1, 1968, which reads as follows:

"WHEREAS, Recently there have been criticisms and comments relating to the undisclosed financial interests held in the businesses of permittees and licensees under the Texas Liquor Control Act of such a nature as to allow certain persons to exercise undue and improper influence over the businesses of said permittees and licensees; and

"WHEREAS, Sufficient information about the existence of any undisclosed financial interests is not available, nor is sufficient information available on the effect of such undisclosed financial interests, if any, on the businesses of permittees and licensees under the Texas Liquor Control Act upon which to base a decision as to the need for statutory regulation; now, therefore, be it

"RESOLVED by the House of Representatives of the State of Texas, That an interim committee is hereby created to make a study of the financial and business relationship, if any, between permittees and licensees under the Texas Liquor Control Act and their suppliers of services, mechanical equipment, or merchandise, the character and nature of any such relationship, if any, for the purpose of discovering if any supplier of services, mechanical equipment, or merchandise is able to exercise any undue or improper influence as a result of such relationship over the businesses of permittees and licensees under the Texas Liquor Control Act; and, be it further

"RESOLVED, That this special committee shall consist of five members of the House of Representatives, to be appointed by the Speaker of the House; the committee shall organize and begin its deliberations and research immediately after appointments to its membership have been made, and shall continue its study and investigations at such time and in such places as may be considered necessary during the interim prior to the convening of the 61st Legislature; and, be it further

"RESOLVED, That the Texas Legislative Council, the Texas Liquor Control Board, the Texas Department of Public Safety, and other state departments or agencies concerned with the matter, as well as certain officials of cities and counties, be requested to cooperate with the committee; and, be it further

"RESOLVED that members of the committee shall receive no pay for their services but shall be reimbursed for necessary expenses actually incurred in the discharge of their duties from the Contingent Expense Fund of the House of Representatives; and, be it further

"RESOLVED, That the committee shall make a complete report to the 61st Legislature when it convenes in January 1969, to include findings and recommendations, and any drafts of legislation

considered necessary to implement them."    (Emphasis enrolled in the Resolution).

In the case of Ex parte Wolters, 64 Cr.R. 238, 144 S.W. 531 (1912), it was held that the Legislature at a special session has all the power it has at a regular session, except so far as restrained by the Constitution and the limitation by Article III, Section 40.  The Court held that the word "legislation" as used in Section 40 had a well-defined meaning and included only the enactment, repeal, and amendment of laws; consequently the Court further held that the said constitutional provision did not preclude the appointment of an investigative committee to obtain information for future use, even on a subject not submitted by the Governor.  In disposing of the question, the Court affirmed the proposition that a single branch of the Legislature has the powers to appoint a committee to gather information and report recommendations as to the enactment of laws.

In the case of Terrell v. King, 118 Tex. 237, 14 S.W.2d 786, 789 (1929), the Court held:

"The Senate and the House are separate bodies, charged with duties, most of which are to be performed by each house separately, despite the fact that the concurrence of both houses is requisite to enact laws or certain resolutions.  In declaring, in Section 11 of Article 3, that 'each house may determine the rules of its own proceedings,' the Constitution plainly delegates to each house the choice of methods for the most advantageous use of its functions in the exercise of the state's 'legislative power,' which Mr. Cooley defines as 'authority under the Constitution to make laws and to alter and repeal them.'  Cooley's Constitutional Limitations (8th Ed.) p. 183.  Having such choice of methods each house is fully authorized to appoint committees to make investigations and conduct inquiries and gather information with respect to the operation of subsisting laws and the need for their improvement, alteration, or repeal.  McCulloch v. Maryland, 4 Wheat. 409, 4 L.Ed. 579."

The Court further stated:

"Since each house continues in existence after the end of a legislative session, as determined in Ferguson v. Maddox, 114 Tex. 93, 95, 96, 263 S.W. 888, and since each house is invested with independent responsibilities and duties, and is the sole judge of its own rules of procedure, we think the power of each house or of the Legislature cannot be denied to name committees to sit, either during sessions of the Legislature or in recess, for the purpose of gathering information considered requisite or helpful to enlightened or efficient legislation.

"The authority of each house to use legislative committees of inquiry and investigation is affirmed in Cooley's Constitutional Limitations (8th Ed.) at page 275, where the author says:

'Each house must also be allowed to proceed in its own way in the collection of such information as may seem important to a proper discharge of its functions and whenever it is deemed desirable that witnesses should be examined, the power and authority to do so is very properly referred to a committee, with any powers short of final legislative or judicial action as may seem necessary or expedient in the particular case.'"

Section 7 of the "Legislative Reorganization Act of 1961," Article 5429f, Vernon's Civil Statutes, provides, in part:

"Each House of the Legislature acting individually, or the two Houses acting jointly, shall have full power and authority to provide for the creation of special committees to perform such functions and to exercise such powers and responsibilities as shall be determined in the Resolution creating such committee. During the life of a special committee, it shall have and exercise the same powers and authority as are herein granted to standing committees, subject to such limitations as may be imposed in the

Resolution creating such special committee, and
shall have such other and additional powers and
authority as may be delegated to it by the Re-
solution creating the committee, subject to
the limitations of law."

In view of the foregoing, it is well settled that each
house of the Legislature is authorized to appoint committees
to gather information requisite or helpful to enlightened
or efficient legislation; that such a committee may be created
by one house during a special session and such creation does
not constitute "legislation" necessary to be designated in
the proclamation of the Governor calling such session; and
that such a committee has the powers and authority as deter-
mined in the Resolution creating it together with the same
powers and authority granted to standing committees, sub-
ject to such limitations as may be imposed in the Resolution
during the life of such special committee.

Therefore, it is the opinion of this office that the
House Interim Investigating Committee, as created by House
Simple Resolution No. 32, First Called Session, 1968, 60th
Legislature, was a duly and legally authorized committee
on the date of your inquiry (November 20, 1968). It is our
further opinion that the "life" of this committee is that
designated in the Resolution, to-wit, ". . . during the
interim prior to the convening of the 61st Legislature;
. . ." and that such committee has the power to issue sub-
poenas, compel the attendance of witnesses, compel the
production of records and documents and to swear in wit-
nesses and hear testimony under oath pertaining to the
operation of the vending machine industry in Texas and
its control and/or influence, if any, on the businesses
of permittees and licensees under the Texas Liquor Control
Act.

By further request you inquire about the proper procedures
for prosecution of a person who, having been summoned as a
witness by a committee, willfully makes default, or who,
having appeared, refuses to answer any question pertinent
to the matter under inquiry, or refuses to produce any
books, papers, records or documents, as required, <u>when
ordered to do so</u>.

Contempt of this nature is described in Section 14 of

Article 5429f, Vernon's Civil Statutes, together with the penal provisions upon conviction.

Section 15 of said Article provides the proper procedures in prosecution for contempt of a House Committee which, in part, reads as follows:

> "Whenever a witness summoned as mentioned in Section 12 hereof fails to appear to testify, or fails to produce any books, papers, records or documents, as required, or whenever any witness so summoned refuses to answer any questions pertinent to the subject under inquiry before either House of the Legislature, or any committee thereof, and the fact of such failure or failures is reported to either House while the Legislature is in session, or when the Legislature is not in session, a statement of facts constituting such failure is reported to and filed with . . . the Speaker of the House, it shall be the duty of . . . the Speaker of the House . . . to certify, and he shall so certify, the statement of facts aforesaid under the Seal of the . . . House, . . . to the District Attorney of Travis County, Texas, whose duty it shall be to bring the matter before the Grand Jury for its action, and it shall further be the duty of said District Attorney to see that any indictment returned by the Grand Jury is prosecuted in the manner prescribed by law."

## S U M M A R Y

The House Interim Investigating Committee, created pursuant to provisions of House Simple Resolution No. 32, First Called Session, 1968, 60th Legislature, is presently legally constituted, with the power to issue subpoenas, compel attendance of witnesses, production of records and documents and to swear witnesses and hear testimony under oath pertaining to the operation of the vending machine industry in Texas and its control and/or influence, if any, on the businesses of permittees and licensees under the Texas Liquor Control Act.

The procedures for prosecuting con-
tempt of a House investigating committee
are set forth in Section 15 of Article
5429f, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman

John Grace
Houghton Brownlee, Jr.
Roger Tyler
Alfred Walker

STAFF LEGAL ASSISTANT
Hawthorne Phillips